ORIGINAL

FILED

06/28/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0302

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 22-0302

WESLEY W. CHARLO,

    Petitioner,

v.

STATE OF MONTANA,
BOB OLSON, Program Administrator,
S.T.A.R.T. Program,

    Respondents.

FILED

JUN 2 8 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Representing himself, Wesley W. Charlo has filed a Petition for Writ of Habeas Corpus, requesting relief from his sentences imposed upon revocation in the Fourth Judicial District Court, Missoula County. He has since filed a "Motion to Consider Information."

Charlo asserts that the criminal cases "used to initiate the revocation proceedings were invalid, discharged, or expired, respectfully." He explains that his two cases (Cause No. DC -11-153 and DC-19-236) are no more.[1] He contends that his initial appearance for a probation violation hold was based on these cases, leading to a procedural error. Charlo maintains that the Missoula County District Court had no jurisdiction to commence revocation proceedings. He requests that this Court release him to probation status.

Available electronic records indicate that on December 21, 2020, the Missoula County District Court sentenced Charlo in three separate matters and dismissed a fourth case. The District Court imposed a six-month, suspended jail term for misdemeanor theft of labor or services and dismissed the felony burglary offense (hereinafter jail term for Cause No. DC-19-236). The District Court accepted Charlo's guilty plea to felony criminal possession of dangerous drugs with intent to distribute and felony criminal possession of dangerous drugs (all other drugs), committing him to the Department of Corrections (DOC)

---

[1] The first case (DC-11-153) is from the Lake County District Court, and the other criminal case (DC-19-236) originated in Missoula County District Court.

for a ten-year suspended term and five-year suspended term, respectively (hereinafter first 2020 sentence for Cause No. DC-19-476). The District Court also committed Charlo to the DOC for a five-year suspended term for felony criminal possession of dangerous drugs (all other drugs) (hereinafter second 2020 sentence for Cause No. DC-20-268). The District Court ran the first and second 2020 sentences concurrently with each other and with the jail term.

Charlo includes copies of several court documents. Both the January 13, 2021 Initial Appearance on PV Hold and the January 11, 2021 Authorization to Pick Up and Hold Probationer list Cause No. DC-11-153 and the cause number for the jail term. For the jail term, Charlo is correct that he served 336 days in jail; however, his one-page attachment does not provide whether the District Court applied that time to his jail sentence when the court imposed a suspended, six-month term. Additionally, the Lake County District Court did not issue an order vacating his conviction and sentence in Cause No. DC-11-153 until January 20, 2022, more than a year after he was arrested.[2]

We secured copies of the State's Petition to Revoke and the January 13, 2021 Report of Violation, as filed in Missoula County District Court. The Report provides that after December 17, 2020, Charlo failed to report for his appointment with his probation officer and his officer stated that he had absconded. A year later, he was charged with a felony that was later dropped to a misdemeanor offense where he received the jail term.

Charlo is not entitled to reinstatement of his probation. Charlo was a probationer for his first and second 2020 sentences when he violated the conditions of his suspended sentences. His probation violations were based on absconding and his new offenses, not the cause numbers listed. The Missoula County District Court had jurisdiction to revoke his suspended sentences regardless of what the court's register of action or Initial Appearance on PV Hold stated. Section 46-18-203, MCA. His existing DOC

---

[2] On February 15, 2022, this Court dismissed Charlo's prior petition for habeas corpus relief because the Lake County District Court had provided Charlo relief by issuing an Order vacating his conviction and sentence in Cause No. DC-11-153. *Charlo v. McDermott*, No. OP 21-0553, Order (Mont. Feb. 15, 2022).

2

commitments were used to begin the revocation proceedings. Section 46-18-203(7), MCA.

Charlo cannot seek relief for his sentences upon revocation through the remedy of habeas corpus. Section 46-22-101(2), MCA. Charlo has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Therefore,

IT IS ORDERED that Charlo's "Petition for Writ of Habeas Corpus or any other appropriate writ" is DENIED and DISMISSED.

IT IS FURTHER ORDERED that Charlo's Motion to Consider Information is DENIED, as moot.

The Clerk is directed to provide a copy of this Order to Bob Olson, Program Administrator, bolson@cccs.com; to counsel of record and to Wesley W. Charlo personally.

DATED this 28th day of June, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices